United States District Court

For the Northern District of California

1

2

3        UNITED STATES DISTRICT COURT

4        NORTHERN DISTRICT OF CALIFORNIA

5

6

7

8    DENNIS SARANTAPOULAS,

9    et al.,

10              Plaintiffs,                    No. C 12-0564 PJH

11        v.                                   **ORDER DENYING REQUEST**
                                               **FOR TEMPORARY RESTRAINING**
12   RECONTRUST COMPANY, et al.,               **ORDER**

13              Defendants.
     _____/

14

15        Plaintiffs Dennis Sarantapoulas and Daniel L. Wood ("plaintiffs") filed this action on

16   February 3, 2012, against defendants Recontrust Company and Bank of America, N.A., in

17   connection with a mortgage loan issued to plaintiffs in spring 2005.  The same day,

18   plaintiffs filed an application for a temporary restraining order ("TRO"), seeking to prevent

19   defendant from conducting a foreclosure sale on plaintiffs' property located at 109 Cypress

20   Ave., Dillon Beach, CA.  The court finds that the application for the TRO must be DENIED.

21        Preliminarily, plaintiffs have filed no proof of service of the summons and complaint

22   on any defendant, nor have they satisfied the requirements for an ex parte motion brought

23   pursuant to Federal Rule of Civil Procedure ("FRCP") 65(b).  Plaintiffs have not filed an

24   affidavit or verified complaint that sets forth "specific facts . . . clearly show[ing] that

25   immediate and irreparable injury, loss, or damage will result to the movant before the

26   adverse party can be heard in opposition; or a written certification of the "efforts made to

27   give service *and the reasons why it should not be required*."  Fed. R. Civ. P. 65(b)

28   (emphasis added).  While plaintiffs' declaration in support of the application for temporary

United States District Court

For the Northern District of California

1  restraining order does indicate that plaintiffs telephoned the offices of Recontrust Company

2  and Bank of America's foreclosure department, the declaration does not state plaintiffs

3  were able to leave messages with any legal department, nor do plaintiffs explain why notice

4  to the defendants should not be required.  Moreover, plaintiffs' messages, left with non-

5  legal departments at both defendant companies, do not constitute sufficient proof of service

6  of the summons and complaint and the TRO papers upon defendants.

7       The court furthermore notes that denial of plaintiffs' request is also warranted

8  because, even assuming that plaintiff had satisfied the procedural requirements for

9  issuance of a temporary restraining order on an ex parte basis, plaintiffs have nonetheless

10 failed to establish that they are likely to succeed on the merits of the four underlying claims

11 they rely on in their request for a temporary restraining order, as required under Winter v.

12 Natural Res. Defense Council, Inc.  See 129 S. Ct. 365, 374 (2008)(to warrant injunctive

13 relief, a plaintiff "must establish that he is likely to succeed on the merits, that he is likely to

14 suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips

15 in his favor, and that an injunction is in the public interest"); see also Am. Trucking Ass'ns,

16 Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir.2009).  In particular, plaintiffs

17 have failed to do more than cursorily identify any particular claims for relief being stated

18 against defendant; they have not proffered evidence or argument substantively

19 demonstrating that plaintiffs satisfy the requirements necessary to succeed on any claim for

20 relief.  Thus, plaintiffs have failed at a minimum, to establish the critical elements of

21 likelihood of success on the merits.

22       In sum, because plaintiffs' "ex parte" request for a temporary restraining order has

23 failed to satisfy the procedural requirements of FRCP 65, or additionally meet the requisite

24 substantive legal standard, plaintiffs' request is accordingly hereby DENIED.  If for any

25 reason plaintiffs wish to proceed with a hearing on a motion for preliminary injunction (for

26 instance if the foreclosure sale is postponed), plaintiffs may simply notice the motion on a

27 35 day briefing schedule.  Plaintiffs shall serve the complaint and summons in addition to

28

1  such motion, on each defendant.

2

3  **IT IS SO ORDERED**.

4  Dated: February 3, 2012

5                                                        _____
                                                         PHYLLIS J. HAMILTON
6                                                        United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court

For the Northern District of California

3