UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DENNIS SARANTAPOULAS, et al.,

    Plaintiffs,

    v.

RECONTRUST COMPANY, et al.,

    Defendants.
_____/

No. C 12-0564 PJH

**ORDER DENYING REQUEST FOR TEMPORARY RESTRAINING ORDER**

Plaintiffs Dennis Sarantapoulas and Daniel L. Wood ("plaintiffs") filed this action on February 3, 2012, against defendants Recontrust Company and Bank of America, N.A., in connection with a mortgage loan issued to plaintiffs in spring 2005. The same day, plaintiffs filed an application for a temporary restraining order ("TRO"), seeking to prevent defendant from conducting a foreclosure sale on plaintiffs' property located at 109 Cypress Ave., Dillon Beach, CA. The court finds that the application for the TRO must be DENIED.

Preliminarily, plaintiffs have filed no proof of service of the summons and complaint on any defendant, nor have they satisfied the requirements for an ex parte motion brought pursuant to Federal Rule of Civil Procedure ("FRCP") 65(b). Plaintiffs have not filed an affidavit or verified complaint that sets forth "specific facts . . . clearly show[ing] that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; or a written certification of the "efforts made to give service *and the reasons why it should not be required.*" Fed. R. Civ. P. 65(b) (emphasis added). While plaintiffs' declaration in support of the application for temporary

restraining order does indicate that plaintiffs telephoned the offices of Recontrust Company and Bank of America's foreclosure department, the declaration does not state plaintiffs were able to leave messages with any legal department, nor do plaintiffs explain why notice to the defendants should not be required.  Moreover, plaintiffs' messages, left with non-legal departments at both defendant companies, do not constitute sufficient proof of service of the summons and complaint and the TRO papers upon defendants.

The court furthermore notes that denial of plaintiffs' request is also warranted because, even assuming that plaintiff had satisfied the procedural requirements for issuance of a temporary restraining order on an ex parte basis, plaintiffs have nonetheless failed to establish that they are likely to succeed on the merits of the four underlying claims they rely on in their request for a temporary restraining order, as required under Winter v. Natural Res. Defense Council, Inc.  See 129 S. Ct. 365, 374 (2008)(to warrant injunctive relief, a plaintiff "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest"); see also Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir.2009).  In particular, plaintiffs have failed to do more than cursorily identify any particular claims for relief being stated against defendant; they have not proffered evidence or argument substantively demonstrating that plaintiffs satisfy the requirements necessary to succeed on any claim for relief.  Thus, plaintiffs have failed at a minimum, to establish the critical elements of likelihood of success on the merits.

In sum, because plaintiffs' "ex parte" request for a temporary restraining order has failed to satisfy the procedural requirements of FRCP 65, or additionally meet the requisite substantive legal standard, plaintiffs' request is accordingly hereby DENIED.  If for any reason plaintiffs wish to proceed with a hearing on a motion for preliminary injunction (for instance if the foreclosure sale is postponed), plaintiffs may simply notice the motion on a 35 day briefing schedule.  Plaintiffs shall serve the complaint and summons in addition to

such motion, on each defendant.

**IT IS SO ORDERED**.

Dated: February 3, 2012

_____
PHYLLIS J. HAMILTON
United States District Judge