UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DENNIS SARANTAPOULAS, et al.,

    Plaintiffs,

    v.

RECONTRUST COMPANY, et al.,

    Defendants.

_____/

No. C 12-0564 PJH

**ORDER GRANTING MOTION TO DISMISS**

Defendants' motion to dismiss the complaint came on for hearing before this court on April 18, 2011. Plaintiff Dennis Sarantapoulas ("plaintiff")[1], appeared in pro per. Defendants Bank of America, N.A. ("Bank of America") and ReconTrust Co., N.A. ("ReconTrust") (collectively "defendants"), appeared through their counsel, Joseph Nykodym. Having read the parties' papers and carefully considered both parties' oral arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS defendants' motion to dismiss, for the reasons stated at the hearing, and summarized as follows.

    1.    Plaintiffs' first claim for fraud against defendant Bank of America, premised on allegations that a) defendant made false statements and omissions of material facts in connection with the origination of plaintiffs' loan in May 2005, and b) defendant made false statements in connection with the denial of plaintiffs' request for a loan modification agreement, fails to state a claim for which relief can be granted. See Complaint ¶¶ 28-33. First, plaintiffs' fraud claim, to the extent premised on loan origination, is barred by the three

---

[1] Although plaintiff Daniel Wood signed the opposition brief along with Dennis Sarantapoulos, he did not appear at the hearing.

year statute of limitations applicable to fraud claims, given that plaintiffs allege that the loan origination took place in May 2005, see Complaint, ¶ 16 but did not file their complaint until nearly seven years later, on February 3, 2012. See, e.g., Cal. Code Civ. Proc. § 338(d); Winn v. McCulloch Corp., 60 Cal. App. 3d 663, 672 (1976).  Although plaintiffs appear to contend that the statute of limitations is equitably tolled, plaintiffs' complaint does not actually allege equitable tolling or facts that would support such a finding.  See Snapp & Assocs. Ins. Svcs., Inc. v. Malcolm Bruce Burlingame Robertson, 96 Cal. App. 4th 884, 890 (2002)("[b]ecause fraud is the basis of the estoppel, the same pleading and proof is required in the fraud cases, i.e., the plaintiff must show (a) the substantive elements of fraud, and (b) an excuse for late discovery of the facts").  More importantly, however, the complaint expressly alleges that in 2007 and at any rate at some point prior to January 9, 2009, plaintiffs "stopped payments on what they considered to be a fraudulent mortgage." Complaint, ¶ 22.  Accordingly, the complaint appears to concede that plaintiffs had knowledge of the basis for their fraud claim as early as 2007 and at the latest, at some point prior to January 9, 2009 – still outside the three year limitations period.  At the hearing plaintiff represented that this reference was a drafting error by his paralegal and requested leave to amend.  Thus, plaintiffs' claim for fraud, premised upon the loan origination, is time-barred, and must be dismissed.

     To the extent the fraud claim is premised on allegations that defendant made fraudulent statements in connection with its denial of plaintiffs' request for a mortgage modification, plaintiffs' fraud claim fails for other reasons.  First, the fraud claim fails because plaintiffs fail to plead fraud with particularity, as required by Federal Rule of Civil Procedure 9(b).  See Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1107 (9th Cir. 2003). Specifically, plaintiffs fail to allege the particular misrepresentations or false statements made by specific individuals associated with or employed by defendant Bank of America. Plaintiffs also fail to allege the names of the persons who made the allegedly fraudulent representations and their authority to speak for defendant.  Nor do plaintiffs allege with

sufficient particularity or clarity, what is false or misleading about the statement(s), and why such statement(s) is/are false.

Accordingly, and for the foregoing reasons, plaintiffs' fraud claim is DISMISSED. The dismissal is with leave to amend. In the amended complaint plaintiffs must specifically set forth facts with respect to the loan origination, that would support a finding that the three year statute of limitations either does not apply or should be equitably tolled; and with respect to the loan modification, particularized facts that comply with the requirements of Fed. R. Civ. P. 9(b).

2. Plaintiffs' claim for damages and for rescission under the Truth in Lending Act ("TILA") also fails to state a valid claim for relief. A lender's violation of TILA allows the borrower to seek damages in connection with a consumer loan secured by the borrower's primary dwelling. However, a plaintiff's damage claim relating to improper disclosures under TILA is subject to a one-year statute of limitations, 15 U.S.C. § 1640(e), which runs from the time the loan transaction is consummated. King v. State of California, 784 F.2d 910, 915 (1986); see also Meyer v. Ameriquest Mortg. Co., 342 F.3d 899, 902 (9th Cir. 2003) (failure to make the required disclosures under TILA occurs at the time the loan documents were signed). As noted above, plaintiffs allege that they "closed" on the subject loan (from which the court reasonably infers that the loan transaction was consummated) in May 2005, but did not file suit until February 2012. As such, the one-year time limit for any claim for damages is time-barred, unless the doctrine of equitable tolling applies. And since no equitable tolling is alleged in plaintiffs' complaint, plaintiffs' claim for damages under TILA is accordingly deficient.

To the extent plaintiffs seek rescission as a remedy under TILA, furthermore, such a claim also lacks merit. Plaintiffs' allegations are subject to the reasonable inference that the underlying loan was secured as a purchase money mortgage loan for use in financing plaintiffs' purchase of a new home. Complaint, ¶ 16. However, there is no statutory right of rescission under TILA "where the loan at issue involves the creation of a first lien to finance

3

the acquisition of a dwelling in which the customer resides or expects to reside." See 15 U.S.C. § 1635(e)(1); id. at § 1602(w); see also Saldate v. Wilshire Credit Corp., 268 F.R.D. 87, 96 (E.D. Cal. 2010). Thus, plaintiffs' claim for rescission fails.

Accordingly, plaintiffs' claim for violation of TILA is DISMISSED. The dismissal is with leave to amend to the extent to the extent damages are sought, so that plaintiffs may attempt to allege equitable tolling of the statute of limitations. The dismissal is with prejudice, to the extent rescission is sought.

3. Plaintiffs' third cause of action, alleging violation of the Real Estate Settlement Procedures Act ("RESPA"), fails to state a viable claim for relief. To the extent that plaintiffs attempt to state a claim for relief based on a violation of 12 U.S.C. § 2607, they have failed to plead a cognizable cause of action. The complaint does not allege any particularized facts demonstrating that defendants "gave to, and/or accepted a fee, kickback, or thing of value" in connection with federally related mortgage loans, and therefore fails to satisfy the minimal notice pleading standards of Federal Rule of Civil Procedure 8. Moreover, claims under § 2607 are governed by a one year statute of limitations. See 12 U.S.C. § 2614. Thus, since the alleged RESPA violations which plaintiffs complain of occurred in May 2005, see Complaint ¶ 16, and this action was not filed until February 2012, well outside the one year limitations period, any claim under § 2607 is time-barred.

Accordingly, plaintiffs' third cause of action is DISMISSED for failure to state a claim upon which relief may be granted. The dismissal is with leave to amend, however, so that plaintiffs may attempt to properly allege a RESPA claim, as well as sufficient facts to demonstrate their entitlement to equitable tolling, if applicable.

4. Plaintiffs' fourth cause of action alleges that defendants violated California Civil Code §§ 2923.5 and 2924, which require that, in the event of a Notice of Default, a "mortgagee, beneficiary, or authorized agent" include with the Notice of Default a declaration that he/she has "contacted the borrower, tried with due diligence to

4

contact the borrower as required by this section, or the borrower has surrendered the property to the mortgagee, trustee, beneficiary, or authorized agent." Cal. Civ. Code § 2923.5(b). Plaintiffs, who allege that defendant submitted a fault declaration under this statute, have failed to adequately allege particularized facts against defendant setting forth the ways in which defendant's submitted declaration was false under the statute. Nor do plaintiffs otherwise articulate the manner in which defendant specifically violated the provisions of either § 2923.5, or 2924. Accordingly, plaintiffs' claim pursuant to these statutes is DISMISSED with leave to amend. However, the insertion of Cal. Bus. & Prof. Code § 17200 into this claim, was according to plaintiff, another drafting error, and it shall be deleted from any amended complaint.

5. Given plaintiffs' representation at the hearing, in response to the court's inquiry regarding why there was no mention of ReconTrust in the complaint, that they intended to proceed solely against defendant Bank of America, defendant ReconTrust is hereby DISMISSED from the complaint and must be omitted from any amended complaint.

Plaintiffs shall file their amended complaint no later than May 16, 2012. Plaintiffs may amend the four causes of action as directed above, but may not add new causes of action or parties without leave of court or a stipulation of all parties. Defendant's response is due no later than June 6, 2012. If the response is another motion to dismiss, it should be noticed in accordance with the local rules, but the court will likely not hold any further hearings on the pleadings.

**IT IS SO ORDERED.**

Dated: April 19, 2012

PHYLLIS J. HAMILTON
United States District Judge

5