UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DENNIS SARANTAPOULAS, et al.,

    Plaintiffs,

    v.

BANK OF AMERICA, N.A., et al.,

    Defendants.

_____/

No. C 12-0564 PJH

**ORDER GRANTING MOTION TO DISMISS**

Defendant's motion to dismiss plaintiffs' second amended complaint was filed with this court on February 27, 2013. Having read the parties' papers and carefully considered the relevant legal authority, and good cause appearing, the court hereby GRANTS defendant's motion to dismiss as follows.

**BACKGROUND**

Plaintiffs Dennis Sarantapoulas and Daniel Wood ("plaintiffs") bring this lawsuit against defendant Bank of America, N.A. ("Bank of America" or "defendant") over a dispute arising out of a mortgage agreement. Plaintiffs assert one cause of action against Bank of America for breach of contract relating to a loan modification. The facts underlying that claim are as follows.

After entering into a mortgage agreement in 2005, plaintiffs were unable to keep pace with their increasing monthly payments. In mid-2008, Bank of America acquired plaintiffs' mortgage, and plaintiffs began negotiations to obtain a loan modification in October 2008. Plaintiffs stopped making payments on the mortgage in or around January 2009. Between then and December 2011, plaintiffs and Bank of America worked together to try to agree upon a loan modification plan. During this time (in September 2009, to be

exact), Bank of America sent a Home Affordable Modification Trial Period Plan (the "Plan") to plaintiffs, which set forth certain conditions for plaintiffs to meet in order to qualify for a loan modification. Plaintiffs allege that they met those conditions, but on May 21, 2010, Bank of America notified plaintiffs that their mortgage was not eligible for modification.

In fall 2011, it appears that Bank of America initiated foreclosure proceedings for plaintiffs' property. On October 6, 2011, Bank of America filed a notice of default and election to sell under deed of trust. On February 3, 2012, plaintiffs filed the original complaint in this action, and also filed an application for a temporary restraining order, which the court denied both because of defective service and because plaintiffs had failed to show a sufficient likelihood of success on the merits. See Dkt. 6. On March 6, 2012, Bank of America (along with another defendant, who has since been dropped from the case) moved to dismiss plaintiffs' original complaint. The court granted the motion to dismiss with leave to amend. See Dkt. 20 (order dismissing original complaint).

On May 16, 2012, plaintiffs filed a first amended complaint, and on June 6, 2012, Bank of America moved to dismiss. The court dismissed all claims related to loan origination either as time-barred or for failure to state a claim. See Dkt. 34 (order dismissing first amended complaint). Specifically, the court dismissed plaintiffs' claims for fraud in the loan origination (time-barred), for TILA violations (time-barred), for RESPA violations (failure to state a claim, as conceded by plaintiffs), and for violation of Cal. Civil Code § 2923.5 (failure to state a claim). Id. The dismissal of plaintiffs' RESPA claim was without prejudice, and allowed plaintiffs to re-file a RESPA claim if discovery yielded sufficient facts.

The court also dismissed plaintiffs' claim for fraud in the loan modification, but the dismissal was without prejudice, so that plaintiffs could re-assert the loan modification claim as a claim for breach of contract, rather than for fraud. When plaintiffs filed their second amended complaint ("SAC"), they asserted only a single claim for breach of contract, alleging that defendant's failure to offer them a loan modification constituted a breach of the terms of the Plan. Defendant moves to dismiss the SAC based on both Rule 12(b)(1) (for

2

lack of subject matter jurisdiction) and Rule 12(b)(6) (for failure to state a claim).

## LEGAL STANDARD

Federal courts are courts of limited jurisdiction, possessing only that power authorized by Article III of the United States Constitution and statutes enacted by Congress pursuant thereto. See Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541 (1986). Thus, federal courts have no power to consider claims for which they lack subject-matter jurisdiction. See Chen-Cheng Wang ex rel. United States v. FMC Corp., 975 F.2d 1412, 1415 (9th Cir. 1992).

Subject matter jurisdiction is fundamental and cannot be waived. Billingsly v. C.I.R., 868 F.2d 1081, 1085 (9th Cir. 1989). The court is under a continuing duty to dismiss an action whenever it appears that the court lacks jurisdiction. Id.; see also Spencer Enters., Inc. v. United States, 345 F.3d 683, 687 (9th Cir. 2003); Attorneys Trust v. Videotape Computers Prods., Inc., 93 F.3d 593, 594-95 (9th Cir. 1996). Federal courts are courts of limited jurisdiction. Stock West, Inc. v. Confederated Tribes, 873 F.2d 1221, 1225 (9th Cir. 1989).

The burden of establishing that a cause lies within this limited jurisdiction rests upon the party asserting jurisdiction. Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994). Thus, petitioners bear the burden of demonstrating that subject matter jurisdiction exists over this complaint. See, e.g., Tosco Corp. v. Communities for a Better Env't, 236 F.3d 495, 499 (9th Cir. 2001).

On a motion to dismiss pursuant to Rule 12(b)(1), the applicable standard turns on the nature of the jurisdictional challenge. A defendant may either challenge jurisdiction on the face of the complaint or provide extrinsic evidence demonstrating lack of jurisdiction on the facts of the case. White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000). Where there is a facial attack on the court's subject matter jurisdiction, the standard is akin to the standard applied in determining a Rule 12(b)(6) motion. That is, the factual allegations are presumed true, and the motion is granted only if the plaintiff does not set forth the elements necessary for subject matter jurisdiction. See Doe v. Schachter, 804 F.Supp. 53, 57 (N.D.

Cal. 1992).

After construing the allegations in the light most favorable to the plaintiff, the court may dismiss the complaint only if the claim does not "arise under" federal law or the Constitution, there is no case or controversy, or the cause of action is not described in any jurisdictional statute. See Baker v. Carr, 369 U.S. 186, 198 (1962). The court may grant leave to amend a complaint to remedy jurisdictional allegations that are defective as to form. See Telluride Management Solutions, Inc. v. Telluride Investment Group, 55 F.3d 463, 466 (9th Cir. 1995).

A motion to dismiss for lack of subject matter jurisdiction may also be a "speaking motion" in which the defendant actually challenges the existence of subject matter jurisdiction. In such a case, "[n]o presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." Thornhill Publ'g v. Gen. Tel. & Elec. Corp., 594 F.2d 730, 733 (9th Cir. 1979). Moreover, the plaintiff bears the burden of proof that jurisdiction does in fact exist, and must establish jurisdiction with evidence from other sources, such as affidavits or depositions. See Schwarzer, Tashima & Wagstaffe, Federal Civil Procedure Before Trial (1999) §§ 9:77 - 9:78.

## DISCUSSION

Defendant argues that, because the only claim left in the case is a common law cause of action for breach of contract, there is no federal subject matter jurisdiction. Specifically, defendant argues that there is not complete diversity between the parties, and that no federal question is involved. In their opposition, plaintiffs argue that a federal question is raised by their complaint, because the Making Home Affordable Program "is an official federal government program," and because the contract at issue is this case is part of the federal government's Troubled Asset Relief Program. However, the fact remains that plaintiffs do not bring any cause of action under a federal statute, and instead assert only a single claim for breach of contract. Thus, the court agrees with defendant that no federal question is raised by this action.

4

As to the presence of diversity jurisdiction, plaintiffs argue that all national banking associations are considered citizens of the states in which they are located, and that the corporate location of a bank is determined by the place where the bank's main office is currently located. Bank of America's main office is located in Charlotte, North Carolina, so plaintiffs argue that defendant should be considered a North Carolina citizen for jurisdictional purposes. And because plaintiffs are citizens of California, plaintiffs argue that there is indeed complete diversity between the parties. Defendant does not challenge this argument in its reply, and the court agrees that plaintiffs have adequately alleged complete diversity between the parties. However, in its reply, defendant also points out that plaintiffs have not alleged damages in an amount greater than $75,000. Plaintiffs allege two measures of damages: (1) the three payments of $2,118.78 that they made as part of the Plan (for a total of $6,356.34); and (2) the denial of a loan modification. However, because plaintiffs were never actually offered a loan modification, there is no way of measuring the value of any such modification. Thus, plaintiffs have not (and cannot) meet the amount in controversy requirement without engaging in improper speculation, and as a result, cannot establish diversity jurisdiction. For that reason, defendant's motion to dismiss for lack of subject matter jurisdiction is GRANTED.

However, the dismissal is without prejudice, so that plaintiffs may re-file their breach of contract claim in state court. Though the court does not reach the merits of plaintiffs' claim in this order, it notes that defendant's arguments regarding the lack of a valid contract were considered and rejected in this court's previous order. See Dkt. 34 at 6-7.

**IT IS SO ORDERED.**

Dated: April 2, 2013

PHYLLIS J. HAMILTON
United States District Judge

5